People v Long (2019 NY Slip Op 02555)





People v Long


2019 NY Slip Op 02555


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-05092
 (Ind. No. 556/15)

[*1]The People of the State of New York, respondent,
v
Ronald Long III, appellant.


Judith E. Permutt, Mount Vernon, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J.), rendered March 29, 2016, convicting him of criminal sexual act in the first degree and sex abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal sexual act in the first degree and sex abuse in the first degree relating to two incidents with the complainant, his step daughter, who was 10 years old at the time of the incidents. At trial, the complainant and the complainant's brother, who witnessed portions of the incidents, testified, as did the complainant's mother, among others. According to the trial testimony, after the second incident, the complainant reported the incident to a classmate in school. Thereafter, the complainant's mother picked her up from school, and the complainant related the incidents to her mother, who called the police. Later on the day the incidents were reported, the defendant returned home and said to the complainant's mother, "I don't know what's going on." The mother replied, "you know exactly what's going on," and the defendant was silent.
During the testimony of the police witnesses, the People elicited, without objection, evidence that the defendant, acting on his own, went to the police station prior to his arrest and asked to speak to the detective assigned to the case. When the defendant met the detective assigned to the case, the defendant asked for a lawyer. On cross-examination of the detective, defense counsel revisited that testimony, asking the detective if he was aware that the defendant had also come to the police station on a prior occasion. Defense counsel also asked the detective if the defendant made any admissions upon his arrest, and the detective replied that the defendant said nothing, and since the defendant previously invoked his right to counsel, the detective did not ask him any questions. In summation, defense counsel argued that the fact that the defendant went to the police station voluntarily twice before his arrest demonstrated that the defendant "was trying to show his innocence."
On appeal, the defendant characterizes his trial counsel's strategy as a "mistake[ ]," since the defendant invoked his right to counsel and remained silent. As a matter of State evidentiary [*2]law, a defendant's prearrest silence may not be used by the People as evidence of a defendant's guilt on their direct case (see People v Williams, 25 NY3d 185). However, the fact that the defendant went to the police station voluntarily before his arrest implied the opposite of consciousness of guilt, and was used by the defense as evidence of his innocence. The fact that the strategy was ultimately unsuccessful did not render counsel's representation ineffective (see People v Wragg, 26 NY3d 403).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court